# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:18-cr-00128-TWP-MJD-1 |
| ) | |
| DEVONTAY L. CROWE, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION TO REVOKE RELEASE ORDER

This matter is before the Court on the Government's Motion for Review of Release Order. ([Filing No. 27](#)). Specifically, the Government requests that the Court conduct a *de novo* review of the Magistrate Judge's Order permitting pretrial release of Defendant Devontay Crowe ("Crowe") pursuant to 18 U.S.C. § 3145(a). The Court has reviewed the Order Setting Conditions of Release ([Filing No. 26](#)), Transcript of the detention hearing held on May 2, 2018 ([Filing No. 32](#)), the pretrial services report ("PS3") prepared by the United States Probation Office, the Government's Motion for Revocation of Release Order ([Filing No. 27](#)), as well as argument submitted at the May 10, 2018 hearing. For the reasons stated below, the Court finds the Government has met its burden to show by clear and convincing evidence that there are no conditions or combination of conditions which would overcome the unacceptable risk that Crowe's release poses a danger to the community. Accordingly, the Government's Motion for Revocation of Release Order is **GRANTED.**

## I. BACKGROUND

On May 2, 2018, Crowe was indicted for having violated Title 18, United States Code, Section 922(g)(1) by unlawfully possessing a loaded firearm on April 5, 2018, after having been

previously convicted of an offense punishable by a term of imprisonment greater than one year. ([Filing No. 16](#).) The Government orally moved for pretrial detention pending trial pursuant to Title 18, United States Code, Section 3142(f)(1)(E) on the basis that Crowe represented both a danger to the community and a risk of flight. On May 2, 2018, the Magistrate Judge conducted a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of the statute would reasonably assure the appearance of Crowe as required and the safety of any other person and the community. At the conclusion of the hearing, the Magistrate Judge ordered that Crowe was to be released subject to certain conditions, ([Filing No. 26](#)), but the execution of the release order was stayed upon motion of the Government pending review of the order by this Court. A hearing on the Government's motion to review the detention release order was held on May 10, 2018.

## II. FINDINGS OF FACT

The Indictment alleges that the Crowe illegally possessed a firearm on April 5, 2018. The evidence is that a loaded 9-millimeter semiautomatic handgun was seized from Crowe's vehicle when police officers made contact with and arrested him following a traffic stop. The firearm was located in the trunk of Crowe's vehicle, and Crowe acknowledged during a recorded interview that the firearm belonged to him and that he was prohibited from possessing it. In a search incident to his arrest, approximately three grams of marijuana and two grams of Fentanyl were found in Crowe's pocket. A black digital scale, which had been located in a tennis shoe next to the loaded firearm, was also seized from the trunk. Crowe was given his Miranda warnings and thereafter, admitted to ownership of the firearm. The weight of the evidence against Crowe is strong and favors pretrial detention. *See* 18 U.S.C. § 3142(g)(2).

Crowe has significant ties to the community. He is a lifelong resident of Indianapolis, Indiana and owns no passport. He has lived for three months at his current address with his girlfriend. His mother is in federal custody pending trial on federal drug charges, however, Crowe has the support of family members—two grandmothers, an aunt and teenage siblings. He has not been employed since June 2017, but is willing to secure employment if released.

Crowe has a history of arrests and criminal convictions for crimes of violence. His juvenile true findings include convictions for Misdemeanor Battery (2009), Possession of Marijuana (2009), and Burglary, Theft, Carrying a Handgun without a License and Dangerous Possession of a Firearm (2010). Task Force Officer ("TFO") VanOeveren testified regarding a criminal recklessness incident in January 2012 in which the Crowe allegedly pulled a handgun from his waistband and fired multiple times into the air, during a confrontation at an apartment complex. Although Crowe was seventeen years old at the time of that offense, he was charged as an adult with Criminal Recklessness and Dangerous Possession of a Firearm under 49G06-1206-FC-044102. That case was ultimately dismissed as part of a plea agreement wherein Crowe pled guilty in a separate case to Aggravated Battery and Criminal Confinement. In exchange for his plea of guilty in the Aggravated Battery case, the Criminal Reckless and Dangerous Possession of a Firearm case was dismissed.

Crowe has one prior felony conviction in 2013 for Aggravated Battery and Criminal Confinement which involved Crowe assaulting and knocking unconscious a victim, after the victim used counterfeit money when purchasing marijuana from Crowe. While serving his sentence for this offense, Crowe was arrested in 2015, for Attempted Murder, Robbery, Battery, Auto Theft and Unlawful Possession of a Firearm. The investigating officer of those offenses, Sergeant J. Bruce Wright, testified that Crowe shot and seriously wounded his mother's longtime

boyfriend, Kevin Johnson, and also wounded his mother, Shemilah Crowe; however, the charges were dismissed when neither alleged victim could be located and produced for trial.

Crowe has violated the conditions of probation on at least four occasions, but he had successfully completed his last sentence and at the time of his arrest in this case, was no longer on probation or parole. Crowe was not given a drug test at the time of his arrest, however, he reports in the PS3 that he is a daily user of marijuana and weekly user of cocaine. The PS3 places Crowe in risk category IV, indicating a relatively high risk of flight and danger to the community, but the Probation Officer recommended conditions would "reasonably assure defendants' appearance and safety to the community." (Exhibit 1). The Court notes however, the risk assessment tool used by the Probation Department does not consider juvenile history or evidence of specific conduct.

### III. CONCLUSIONS OF LAW

Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to risk of flight, the Government bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the Government bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Ports*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F. Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above. Among the factors presented for the Court's consideration is Crowe's character, his family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning court appearances. *See* 18 U.S.C. § 3142(g)(3)(A). However, the presence of community ties and related ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98- 225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08. The Court also considers that at the time of the offense, Crowe was not on probation, parole or otherwise completing a sentence.

5

The Court first considers the nature and circumstances of the offense charged. 28 U.S.C. § 3142(g)(1). Crowe was arrested following a traffic violation and a loaded 9mm semi-automatic firearm, and digital scales were located in the trunk of his car; marijuana and Fentanyl were located on his person. The weight of the evidence against Crowe is strong and favors detention. 18 U.S.C. § 3142 (g)(2).

There are factors weighing in Crowe's favor. He is a lifelong resident of the Indianapolis community and has family ties consisting of two grandmothers, an aunt, siblings and a girlfriend. Although he has not been employed in nearly a year, his prior employment was for eight months and Crowe intends to secure verifiable employment if he were to be released. Although he has violated the conditions of his probation in the past, he has only failed to appear in court once and he had completed service his last sentence. Based on these findings, the Court concludes that Crowe is not is a serious risk of flight.

There are factors which demonstrate that Crowe is an unacceptable danger to the community. The Government argues that the scales located next to the firearm in his trunk is evidence that the firearm was possessed in connection with at least one other felony, dealing in a controlled substance, therefore the sentencing guidelines range would be higher in this case than in a simple Possession of a Firearm By a Prohibited Person case. *See* U.S.S.G. § 2K2.1(b)(6)(B). The Court notes that a judge should give weight to Congress' finding and direction that repeat offenders involved in crimes of violence or drug trafficking, as a general rule, pose special risks of flight and dangers to the community. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (presumption of dangerousness); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *Jessup*, 757 F.2d at 383.

Crowe's past conduct demonstrates a history of firearm possession and offenses involving discharge of those firearms as well as a history of violence. Crowe was convicted of felony Aggravated Battery and Criminal Confinement in 2013 wherein the victim was knocked unconscious and his jaws were required to be wired shut. As a juvenile, he was convicted on separate occasions of misdemeanor Battery, Carrying a Handgun without a License, and Burglary. He was arrested and accused of shooting his mother and her boyfriend in 2015, and accused in 2012 of pulling a handgun from his waistband at an apartment complex and firing six rounds into the air. Crowe presented no evidence by proffer or otherwise to rebut evidence that he is a danger to the community. He has a history of drug abuse – Crowe is a daily user of marijuana and weekly user of cocaine. Regarding his financial resources, there is great uncertainty concerning how he has supported himself as he has not held employment in nearly a year. Crowe's past conduct as testified to by TFO VanOeveren and Sgt. Wright, as well as Crowe's criminal history, plainly demonstrate the seriousness of the danger to the community that Crowe represents.

Finally, the Court considers whether any condition or combination of conditions exist which would overcome the unacceptable risk and seriousness of the danger to any person or the community that would be posed by Crowe's release. The language referring to the safety of the community refers to the danger that Crowe might engage in criminal activity to the detriment of the community. *United States v. Dominguez,* 629 F. Supp. 701 (N.D. Ind. 1986). He is only 23 years old, and since he was 14 years old Crowe has consistently engaged in acts of violence, often by use of a firearm. The victims and alleged victims of his violence range from members of his family to customers in illegal drug transactions. Based on his history, characteristics, and past and present conduct, the Court finds that no conditions or combination of conditions exist which would overcome the unacceptable risk that Crowe's release poses a danger to the community.

## IV. ORDER

After considering the factors set forth under 18 U.S.C. § 3142(g), the District Court's *de novo* determination is that the Government has met its burden of proof and the Government's Motion for Review of Release Order (Filing No. 27) is **GRANTED**. Crowe is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

**SO ORDERED.**

Date: 5/11/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDERS
mike.donahoe@fd.org

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov